## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SANTA FE PUBLIC SCHOOL BOARD OF EDUCATION,**

**Respondent-Appellant,**

**v.**                                                        **No. CIV-**

**ROSANGELA and JAMES ROGERS**
**Parents, for B.R., Student (a minor),**

**Petitioner – Appellees**

### COMPLAINT FOR JUDICIAL REVIEW
### PURSUANT TO SECTION 20 USC §1415

---

### Introduction

The Santa Fe Public Schools Board of Education (as the governing entity for the Santa Fe Public Schools) by and through undersigned counsel files this complaint seeking judicial review of a special education due process hearing decision resulting from a special education due process proceeding captioned as:   In the matter of:  *ROSANGELA and JAMES ROGERS, Parents, for B.R., Student, Petitioner, vs. Santa Fe Public Schools, Respondent No. DPH 2324-08* brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*

### Jurisdiction and Parties

1.   The Board of Education of Santa Fee Public Schools governs the Santa Fe Public Schools and has the capacity to sue and be sued pursuant to NMSA 1978, §§ 22-1-2(I), 22-5-4(A) and 22-5-4(E). The Board of Education and the Santa Fe Public Schools are referred to herein jointly as the "District."

2. Rosangela and James Rogers and their minor daughter B.R. are all residents of Santa Fe, New Mexico, New Mexico and on information and belief continue to live there, and B.R. continues to attend the Santa Fe Public Schools magnet school Mandela International Baccalaureate as an 9th grade student.

3. This Court has jurisdiction over this petition for judicial review and for attorney's fees and costs pursuant to the IDEA, 20 U.S.C. § 1415.

### Factual Allegations

4. B.R is a fifteen (15) year old minor female child.

5. B.R. at all time's material herein has attended the Santa Fe Public Schools with an identified exceptionality of specific learning disability particularly in the areas of reading and math with characteristics dyslexia.  As a result, B.R. has and is scheduled to continue to receive direct services from a special education teacher in those areas.

6. B.R. lives in Santa Fe, New Mexico along with her mother Rosangela Rogers, father, James Rogers, and other siblings.

7. B.R. attends one of the District's magnet high schools, Mandela International Baccalaureate and as of the start of the 2024-2025 school year will be in the 10th grade.

8. As a student who meets the eligibility requirements for special education, as a student with a specific learning disability, B.R. requires specialized instruction by a certified special education teacher or an individual operating under a provisional license issued by the New Mexico Public Education Department.  Instruction requires the provision of individualized support by a special education teacher in a scientifically research-based instructional program.

9. B.R. has attended Mandela for her 7th through 9th grade school years.

10. The District has provided services and specialized instruction to B.R. while in attendance at Mandela and identified as eligible for special education services under the category of SLD in 2014.

11. Reading instruction is provided to B.R. using a multi-sensory, scientifically based reading program and structured literacy program designed to address the needs of students who display dyslexic tendencies in diagnostic testing.  Additional support is provided through the online program Lexia, which provides frequent and focused information on a student's performance and understanding of reading elements.  These data points allowed the staff to modify the instruction as needed.

12. B.R.  has made, and continues to make, progress and her Individualized Education Plans ("IEPs") contain appropriate measurable goals directed to improve her performance and are designed to provide educational benefit.

13. On or about October 5, 2023, Mr., and Mrs. Rogers, through their counsel, filed a special education due process hearing complaint with the New Mexico Public Education Department, alleging ongoing violations of B.R.'s rights as a student with disabilities under the IDEA and denial of a free appropriate public education to B.R. The statutory period for review is two years prior to the date of the complaint. Hence, October 4, 2021.

14. The New Mexico Public Education Department assigned a Due Process Hearing Officer ("DPHO") to conduct a due process hearing on Petitioners' due process complaint. The DPHO held a hearing in Santa Fe beginning on December 8, 2023, through December 11, 2023.

15. The DPHO issued a final decision in this case on February 15, 2024.  *See* attached

Exhibit 1.

16. The District prevailed on some issues which are not the subject of this Complaint. Key issues in which the DPHO found in favor of Mr. and Mrs. Rogers and their daughter B.R. are the subject of this appeal and which are specifically associated with the following numbered Findings of Fact and Conclusions of Law.

17. The DPHO erred in the following finding of facts: Findings of Fact Nos. 4, 10,11 ,13, 14, 29, 31-42, 43-46, 48, 49, 51, 52, 54, 63-65 and, 70-75.

18. The DPHO erred in the following conclusions: Conclusions of Law beginning on Page 18 of the decision through page 32. Specifically, paragraphs numbered 1, 4-9, 11-14, 19-20, 22, 23, 32, 34, 35, 38, 42, 44, 49, 51-54, 56, 59, 60 and 61.

19. The decision is plagued with internal inconsistencies. For example, the finding of fact number 9 indicates the student has been successful at Mandela. The Hearing Officer nonetheless finds the District did not provide the student with a FAPE. Additionally, the Hearing Officer finds that "Mandela only has 'limited special education support available' because the school is based on the vigorous baccalaureate program requirement," However, the facts and testimony show that for a student to fully participate in the International Baccalaureate program of study there is no time in their schedule to include special education programming as a pull-out small group instructional setting. The program of study is one open to the public and is optional.

20. The Mandela International Baccalaureate program does not predetermine that "all students with IEPs based on disability will receive education in an 'inclusion model'". Findings at No. 32. The availability of services in an inclusion model at Mandel does not mean all students who are on an IEP will only receive services in that method. It

does, however, notify parents and students of what is available.  It is similar to advising parents that special education services are provided in a particular manner, and they can elect to accept that or look elsewhere.

21. Another example of the inconsistency or incorrect findings can be found at Finding of Fact 75 where the hearing officer contends she saw the Mandela school "as the site of the Due Process Hearing", when in fact the hearing was held at another campus which was the B. F. Young building and not near the Mandela School.  Neither the hearing Officer nor any part of the hearing proceedings occurred at the Mandela School site.

22. In paragraph 70 of the Findings the hearing officer finds that no one signed as the individual responsible for interpreting instructional implications.  There is no requirement that an educational diagnostician attend every IEP or that they are the only individuals in attendance at an IEP who can interpret instructional implications.  The regulations provide that the special education teacher or general education teacher can serve in that role at the IEP meeting.  The diagnostician also does not have to be the person who conducted the actual testing to review the results with the team.  The evaluation results are very useful in determining how the child is currently doing in school and what areas of need the child has.  This IEP team member must be able to talk about the instructional implications of the child's evaluation results, which will help the team plan appropriate instruction to address the child's needs.34 C.F.R. §330.321(a)(5)

23.  The Hearing Officer also finds in paragraph 73 of the Findings that Mandela staff "directed parents, without any training, to monitor B.R using the Lexia program on her own during summer 2022."  Access to the program was at no cost to the parents and

was optional as an aid to assist the student during summer vacation.

24. In the paragraphs regarding conclusions of law (A.1-61), the DPHO conclusions of law rely on erroneously quoted and conclusory statements not supported by the evidence.

25. The DPHO erred in concluding that the District failed to provide any reading instruction with fidelity or reliability. This conclusion of law includes erroneous and conclusory statements not supported by the evidence. (paragraphs A. 19, 20, 22, 23, 59-61)

26. In paragraphs (A. 1-11), the DPHO erred in concluding that the District failed to provide and IEP that was reasonably calculated to enable the student to make progress appropriate, in light of her circumstances, and that there the persons who attended B.R. evaluations were not consistently qualified to interpret the instructional implication of evaluation results.

27. In paragraphs (A. 25-32), the DPHO erred in concluding that the District failed to provide adequate training to its staff and personnel. This conclusion of law includes erroneous and conclusory statements not supported by the evidence.

28. In paragraphs (A. 35) the DPHO erred in concluding the District relied on the parent to provide services to the student. As noted above this was an option to allow access to the program over the summer not a requirement. This conclusion of law includes erroneous and conclusory statements not supported by the evidence.

29. In paragraphs (A. 40-54) the DPHO erred in concluding the District cannot structure it's educational programs and offerings in the manner that best suits the major population of the District and while accommodations and modifications can be instituted there is no requirement that a program change its fundamental structural

elements to meet the needs of one student.  This conclusion of law includes erroneous and conclusory statements not supported by the evidence.

In paragraph (A. 55-61), the DPHO erred in concluding that she has unfettered discretion to fashion a remedy.  In the instant matter the DPHO orders the school district to hire an individual to provide reading instruction with a specific certification which is not recognized by the IDEA as a provider of "specialized instruction".  The DPHO goes on to prevent the selection of methodology by the District in the provision of specialized instruction.  Again, not within the discretion of the Hearing Officer.  The Hearing Officer also ordered the District to provide tutoring not for some past failure but "to ensure she is able to keep up with class assignments" as compensatory services.  This conclusion of law includes erroneous and conclusory statements not supported by the evidence.

### Prayer for Relief

A.  A memorandum opinion and order reversing the DPHO's Decision insofar as the DPHO granted Petitioners relief, as requested in the underlying matter.

B.  A preliminary injunction staying the implementation of the Due Process Hearing Officer's decision to the extent it will interfere with the International Baccalaureate program.

C.  A declaratory judgment holding that Respondents did not deprive B. R.. of a free appropriate public education for any time relevant hereto and in particular the time period covered by the complaint; An order recognizing and declaring Respondent to be the prevailing party in the due process proceeding and awarding attorney's fees and costs incurred in the administrative proceedings, pursuant to the Individuals with Disabilities Education Act.

D.  An award of attorney's fees and costs in this action; and

E.  Any such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:   */S/ Jacquelyn Archuleta-Staehlin*
Jacquelyn Archuleta-Staehlin
Special Counsel for Santa Fe Public Schools

610 Alta Vista

Santa Fe, NM

(505) 467-2000

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Complaint

for Judicial Review was served via email to the following on the 18th day of April 2024.

Gail Stewart
3800 Osuna NE, Suite 1
Albuquerque, NM 87109
gstewart@66law.com

By:   */S/ Jacquelyn Archuleta-Staehlin*
Jacquelyn Archuleta-Staehlin